WILLIAM KRULL, EXECUTOR, APPELLEE, v. CHARLES H. ARMAN, APPELLANT.

FILED MARCH 27, 1923. No. 22305.

1. **Executors and Administrators:** ACTION FOR DEBT: BURDEN OF PROOF. In an action by an executor to recover money alleged to have been loaned by plaintiff's testator to defendant, where de-

fendant has answered by a general denial, the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the defendant received the money from the testator as a loan, and not as a gift.

2. **Gifts**: BURDEN OF PROOF. "The general rule that the burden of proof is on the one having the affirmative of an issue applies to actions in respect to gifts." 28 C. J. 669, sec. 71.

3. ———: INSTRUCTION. In such case, where the plaintiff calls the defendant as a witness, and defendant admits the receipt of the money and that testator was not indebted to him, and further testifies that plaintiff's testator gave him the fund, it is error for the court to instruct the jury, as a matter of law, that the receipt of the money by defendant would be presumed to be a loan, and not a gift.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Reversed.*

*R. J. Greene* and *Hugh C. Wilson,* for appellant.

*Charles E. Matson* and *Clarence G. Miles, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., RAPER and TROUP, District Judges.

RAPER, District Judge.

Action by William Krull as executor of the last will of Samuel S. Griffin, deceased, to recover money alleged to have been loaned by Samuel S. Griffin to defendant. The answer is a general denial, and a denial that defendant is indebted to plaintiff upon the cause of action. During the trial the plaintiff called the defendant, who was son-in-law of deceased, as a witness and proved that Mr. Griffin had given defendant a check for $8,085.14, in March, 1918 Defendant testified that Mr. Griffin owed him $2,085.15 on some grain and other transactions, and that defendant did not owe anything to Mr. Griffin. He further testified, both on direct and cross-examination, that the $6,000 was a gift from Mr. Griffin to him and his family to put into a home for the family, so they would not move away, but would remain in the vicinity. There was much other evidence tending to support and refute the claim that the money was· a gift, but there is no claim or evidence that

Krull v. Arman.

deceased was subjected to any undue influence. The trial court gave an instruction (No. 2) in substance as follows: That since it is admitted by the defendant that the said sum of $6,000, turned over to him at said time (March, 1918) by said deceased, was not in payment of an obligation or debt due or existing against the deceased, and in favor of the defendant, the law presumes that it was a loan of so much money to the defendant, unless he satisfied you by a preponderance of the evidence that it was a gift from the deceased to him and his family, and, unless the defendant has satisfied the jury by a preponderance of the evidence that said transaction was a gift of said money to the defendant and his family, the plaintiff is entitled to recover that sum with interest at 7 per cent. from the time the defendant received the money. The jury returned verdict for plaintiff, upon which judgment was rendered; the defendant appeals.

The appellant alleges that the court erred in giving instruction No. 2, which places the burden of proof on the defendant. The petition alleged a loan. The answer was a general denial. Generally, under an issue thus formed, the burden does not shift, but remains on the plaintiff throughout the trial, and this seems to be the rule where the defendant, as in this case, claims that the money or property sued for is a gift. *Payne v. Williams*, 62 Colo. 86; *Marra v. Bigelow*, 180 Mass. 48; *Jenning v. Rohde*, 99 Minn. 335; *Leask v. Hoagland*, 205 N. Y. 171; 28 C. J., 669, sec. 71.

Another vice claimed in the instructions is that it tells the jury that the receipt of the money by defendant, when shown not to be in payment of a debt owing by deceased to defendant, raises the presumption that it was a loan. Courts have in some cases laid down the rule as stated in the instruction, others have given a contrary holding. A study of these cases shows that, in most of those holding that burden is on the donee to prove the gift where he is defending his right thereto, there were special circumstances which gave rise to a situation that required such

rule, as where the donor retained possession of the property or the donee had access to the property or fund before the date of the alleged gift, or where there existed a fiduciary relation between donor and donee, or where there is evidence of or opportunity for undue influence, or some mental or physical weakness or infirmity which might be sufficient to cast doubt upon the donor's intelligent and free action in making the gift. In the absence of some of these special features, the general rule in an action to recover the property is that the burden is not on the recipient of money to prove it was a gift and not a loan. *Sterry v. Fitz-Gerald,* 95 N. J. Law, 51; 28 C. J. 669, sec. 71; *Lynch v. Lyons,* 115 N. Y. Supp. 227. However, without attempting to give a general rule as to presumptions in such cases, the facts as developed on the trial were such that the court should not have instructed as a matter of law that by the defendant's receipt of the money the transaction was presumed to be a loan and not a gift. *First Nat. Bank v. Adams,* 82 Neb. 801.

At the close of the testimony the appellant asked for a peremptory instruction on the claim that, because plaintiff called the defendant as a witness, and elicited testimony from him that deceased gave him the money, plaintiff is absolutely bound by his answers, and is estopped from setting up that they are either untrue or that the witness is not credible. Appellant cites *Nathan v. Sands,* 52 Neb. 660. This case states the correct rule, and evidence tending only to impeach such witness is not admissible. Contradiction, however, and impeachment are not synonymous. The distinction is pointed out in *De Noyelles v. Delaware Ins. Co.,* 138 N. Y. Supp. 855, quoted in 2 Words and Phrases, Second Series, under "Impeachment:" "A party may contradict his own witness, for contradiction is not impeachment, as impeaching evidence is that which is directed solely to the question of the credibility of the witness." See, also, 40 Cyc. 2561; *Dravo v. Fabel,* 132 U. S. 487; *Thorp v. Leibrecht,* 56 N. J. Eq. 499. In this last case Mr. Justice Pitney an-

nounces what appears to be a fair and comprehensive rule, as follows: "While a plaintiff who calls defendants as his witnesses cannot impeach their character for veracity generally, he may show that the whole or any part of what they had sworn to is untrue either by their own examination and the improbability of their own story or by other contradictory evidence material to the case." As stated in *Dravo v. Fabel, supra*: "The evidence must be given such weight as under all the circumstances it is fairly entitled to receive." While we refrain from expressing any opinion as to the sufficiency of the evidence, the defendant on that theory alone was not entitled to have the court assume as a matter of law that defendant's evidence could not be contradicted or overcome.

The giving of instruction No. 2 was prejudicially erroneous, and the judgment is reversed and the cause remanded for new trial.

REVERSED.