## WALTER BROWN v. STATE OF NEBRASKA.

FILED SEPTEMBER 22, 1933. No. 28713.

*J. F. Fults, J. P.O'Gara* and *Arthur E. Perry,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., GOOD, DAY and PAINE, JJ., and CHASE, LOVEL S. HASTINGS and TEWELL, District Judges.

CHASE, District Judge.

The plaintiff in error, Walter Brown, was, with one Leonard Fields, jointly charged with the crime of murder for the slaying of one Wayne Rank. Separate trials were demanded and allowed by the trial court. Both were convicted of murder in the second degree. The plaintiff in error brings the record of his conviction to this court for review.

The facts are substantially as appear from the record in the case of *Fields v. State,* p. 290, *post,* and a number of questions here presented were presented in the *Fields* case. Only such propositions urged for reversal in this case as were not disposed of in the *Fields* case will be discussed herein. The other questions which are identical to the ones raised in the case of *Fields v. State, supra,* have been fully disposed of in that case and the conclusions reached therein are adopted as controlling in this one.

One of the contentions urged for reversal is that the trial court erred in excluding certain testimony of Dr. Copeland on cross-examination. The doctor, having located the point where the bullet entered the body of the de-

ceased as being on the left side just below the crest of the ilium and tracing the same to the point where it came to rest on the right side of the spinal column opposite to where it entered, was then asked the following question: "At what angle would the man that fired the shot have to be, so far as being in front or behind him?" Upon objection the answer to this question was excluded. The court was entirely correct in sustaining this objection. When the doctor had testified to the physical facts concerning the entrance of the bullet into the body and the location where the bullet was found in the body, the particular direction from the deceased the person was standing who fired the shot is a proper conclusion for the jury to draw from the detailed facts. To permit a witness to give his conclusions upon such a state of facts would be invading the province of the jury. Therefore, no error was committed by the trial court in excluding the testimony.

Further complaint is made that evidence was admitted on rebuttal that should have been introduced by the state in its case in chief. The contention is that Leonard Fields, an accomplice of Brown, was called on rebuttal to testify for the first time; that he testified he did not have a rifle; that he did not fire a shot, and thereby left the impression the state intended should be left that the accused fired the shot which resulted in the death of Rank. A resort to the record can leave no dispute on this subject. It is the testimony of Fields that the accused went to the barn to steal gasoline on that night. It will be remembered that the accused in his own testimony admitted that he took a hose and pail and went to the garage on that occasion to get gasoline; that he did not ask the owner of the property for the gasoline but took it without his permission or knowledge, so no prejudice could result from the statement of Fields as to that particular fact. Further, it appears that the accused, in his own testimony, testified that Fields told him that he, Fields, had the rifle and had shot a man at the Smith place. Certainly it would be

rebuttal for the state to show by Fields that he did not have a rifle and did not fire the shot on that occasion. It was proper for the state to introduce rebutting evidence to meet any material fact offered by the accused as a part of his defense. Consequently the trial court committed no error in allowing such testimony.

For reasons herein stated and as stated in *Fields v. State, supra,* the conviction is

AFFIRMED.