EGBERT GEMBLER V. CITY OF SEWARD.
288 N. W. 545

FILED NOVEMBER 24, 1939. No. 30471.

*McKillip & Barth* and *Ivan A. Blevens,* for plaintiff in error.

*Paul H. Bek, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PER CURIAM.

The opinion in this case appears herein, *ante,* p. 196, 285 N. W. 542.

On motion for rehearing we are asked to review our holding that the enactment of the Uniform Motor Vehicle

Act (Laws 1931, ch. 110) did not preclude the city of Seward from providing a penalty by ordinance for drunken driving. On further consideration, we are satisfied with the correctness of the conclusion that, under the powers conferred upon the city of Seward by general statute, it had the right to adopt such an ordinance, not inconsistent with the regulations and prohibitions prescribed by the legislature, and that the enactment of the Uniform Motor Vehicle Act did not supersede this right.

We are asked also to review the validity of the portion of the trial court's order that defendant shall not drive a motor vehicle within the state of Nebraska for a period of one year from the date of his conviction. This prohibition is based upon the following provision of the ordinance: "Any person found guilty of such offense (drunken driving), in addition to the general penalty provided hereafter for the violation of the provisions hereof, shall be adjudged and ordered by the court not to drive a motor vehicle within the state of Nebraska for a period of one year from the date of such conviction." The right to operate a motor vehicle within the state of Nebraska is dependent solely upon the issuance of a driver's license by the state. It is a field over which the state has reserved exclusive control. No power has been conferred upon the city of Seward to suspend or regulate, by ordinance, any such license privilege which the state has granted. That, however, is the purpose and effect of the ordinance provision quoted, and it is therefore invalid, but without affecting the other provisions of the ordinance. It may be added that, even if no driver's license statute existed, the city of Seward could not exercise general police powers to prohibit the operation of a motor vehicle throughout the rest of the state for violation of one of its ordinances. The question here discussed was not presented or considered in our previous opinion.

The opinion is accordingly modified to the extent of vacating the portion of the trial court's order forbidding defendant to drive a motor vehicle within the state of Nebraska for a period of one year, and, as thus modified, the

sentence of the trial court is affirmed and the motion for rehearing is denied. This modification, however, is without prejudice to the exercise of any powers which the trial judge may have under the general statutes of the state over defendant's driver's license, after issuance of the mandate herein.

AFFIRMED AS MODIFIED.