ARLIN DREWES, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

56 N. W. 2d 113

Filed December 19, 1952. No. 33222.

J. A. Hayward and Herbert W. Baird, for plaintiff in error.

Clarence S. Beck, Attorney General, and Homer L. Kyle, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff in error, hereinafter called defendant, was

informed against for the crime of statutory rape. He was tried, found guilty, and sentenced to a period of seven years and ten months in the state reformatory. Defendant appeals. We affirm the judgment of the trial court.

Defendant makes six assignments of error here. We limit our consideration to those errors assigned and discussed. Revised rules of the Supreme Court, Rule 8 a 2 (4).

The first argued assignment is "The Court erred in assuming jurisdiction of the case while it was still pending in the County Court."

Defendant relies upon section 29-1607, R. R. S. 1943, which provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination; * * *." The transcript shows that on February 9, 1952, information was filed against the defendant in the district court. Endorsed on the information is a statement, signed by the defendant and witnessed, dated February 9, 1952, reciting that all his rights had been explained to him, that he was acquainted with the charge contained in the information and the penalty, that he waived service of a copy of the information and time to plead thereto, and requested that he be arraigned in the district court instanter. Also afterward on the same day there was filed a "Waiver of preliminary hearing," signed by the defendant and witnessed, reciting in part: "I do hereby waive any and all right which I may have to a preliminary hearing and request that I be arraigned before this court instanter."

It also appears that afterward on the same day the defendant appeared in court in person and requested that he be given more time to plead. He was ordered to appear February 12, 1952, for arraignment. February 16, 1952, defendant appeared in court in person and

with his attorney and requested that arraignment be deferred. March 3, 1952, defendant appeared in court in person and with his attorney, was arraigned, and entered a plea of not guilty to the information. The cause was set for trial on April 2, 1952.

March 25, 1952, defendant filed an application to set aside the waiver of preliminary hearing and to quash the information. This motion was overruled April 2, 1952. As a part of the hearing on this application the state offered evidence showing that a complaint had been filed in the county court on February 9, 1952, charging the defendant with the crime here involved; and that a warrant was issued and arrest made on that day. No further proceedings appear in that court. It is on that showing that the defendant now bases his assignment.

The record sustains the conclusion that defendant was fully advised of his rights and knowingly waived a preliminary examination, and later with counsel appeared in the district court, was arraigned, and plead. The failure to give a preliminary examination to a person charged with a crime is not a jurisdictional defect and is waived if not complained of before a plea of not guilty to the charge is made in the district court. Swanson v. Jones, 151 Neb. 767, 39 N. W. 2d 557. There is no merit in the assignment.

The next argued assignment is: "The Court erred in allowing certain excerpts of the defendant's confession to be placed in evidence over his objection." This assignment relates to some forty pages of questions and answers in the bill of exceptions which are referred to in the argument only by the page and line where they begin. The brief states that the objection was that it "was not rebuttal and did not tend to impeach the statements of the accused."

It becomes necessary to recite in some detail how the basis of this assignment arose. The state offered the evidence of the complaining witness and others and then rested. Defendant testified in his own behalf, and

denied the commission of the act charged, admitted being with the complaining witness on the night in question, and gave his own version of the events of that time. On cross-examination he was asked regarding statements made on February 8, 1952, in response to questions asked by the county attorney. He denied making certain statements, evaded others, and generally replied that he did not know or did not remember what he said.

After the defendant rested the state called the shorthand reporter who had taken down that interview and asked him to produce his original shorthand notes, which he did and they were identified as an exhibit. He testified that he had made a transcript of the notes. He was then asked to read the questions asked and the answers given by the defendant. Objection was made that it was incompetent, irrelevant, immaterial, and no sufficient foundation laid, and that the conversations had not been proved to be voluntary. Further testimony was had on the question as to whether or not they were voluntary statements. The defendant participated in that examination. At the close of that the witness was again asked to read the questions and answers. The defendant did not renew his objection as to foundation.

The defendant then objected to the "form of procedure" and stated that if there was a transcribed copy in the courtroom, he would like to have it introduced in evidence; that he did not "want questions and answers read so that there can be no objection"; that he did not agree to the transcript being received in evidence, but wanted "a chance to examine the questions before they are already before the jury"; and that he wanted the "instrument offered, or parts of it offered, * * * so that I can have a chance to object." There was a discussion off the record and the court told the witness to proceed. The witness did, without objection, the defendant asking as to the first question, "What page are you on?" Ten questions and answers were read.

Defendant then objected to the introduction of any

of the statements on the ground that its sole purpose was to impeach the defendant. Defendant observed that a confession was not "admissible at this time"; that it was not timely offered, the prosecution having closed the case. There was no objection made on that basis.

It does not appear that the court ruled directly on the objection. The court directed the witness to proceed. Thereafter, without any objection, the questions and answers were read. On two occasions the defendant asked as to the page from which the witness was reading. No further objections were made. The assignment of error here goes to the questions and answers admitted after the objection last stated was made. It goes to all of them as a unit.

The defendant invited the procedure here followed for the stated purpose of being able to object to questions and answers before they were read to the jury. He did not follow the procedure. He rested his objection on the general ground that the state could not impeach the defendant by using evidence as to questions asked and answers given to the county attorney and, if we include his remarks to the court, that the evidence could not be used in rebuttal. Impeaching evidence is that which is directed to the question of the credibility of the witness. Krull v. Arman, 110 Neb. 70, 192 N. W. 961.

In the evidence so received defendant related the events of the evening in considerable detail, admitted the commission of the act charged, and made statements directly contrary to specific statements made in his direct and cross-examination. The evidence as a whole was impeaching.

It is the established rule that: "In a criminal prosecution, any testimony, otherwise competent, which tends to dispute the testimony offered on behalf of the accused as to a material fact, is proper rebuttal testimony." Brown v. State, 125 Neb. 287, 250 N. W. 67. See, also, Gembler v. City of Seward, 136 Neb. 196, 285 N. W. 542; Ander-

son v. State, 150 Neb. 116, 33 N. W. 2d 362; Turpit v. State, 154 Neb. 385, 48 N. W. 2d 83.

Defendant relies on Jones v. State, 97 Neb. 151, 149 N. W. 327, and in particular the language in the syllabus: "Evidence that defendant has admitted guilt or important facts should not be received for impeachment or rebuttal, but should, if material and competent, be offered in chief." That case is not this case. There the defendant, after arrest, had given a statement in writing to officers. He was asked in cross-examination if he had not made the statement. The statement itself was not offered, but rather was incorporated in the question asked. By that means the statement was gotten to the jury. The case turned on the proposition that there was no evidence of the voluntary character of the confession. Here, as pointed out, there was such evidence. The statement in the opinion, upon which defendant relies, was followed by the statement that "a confession cannot be used as evidence, unless it is first shown that it was voluntarily made" and then the writing itself must be used.

The language relied upon by the defendant is not subject to the construction that it is error under all circumstances to do otherwise. In fact, the statute provides otherwise. Section 29-2016, R. R. S. 1943, states as to trial order of procedure: "* * * (3) the state must first produce its evidence; the defendant will then produce his evidence; (4) the state will then be confined to rebutting evidence, unless the court for good reason in furtherance of justice, shall permit it to offer evidence in chief; * * *."

In Hampton v. State, 148 Neb. 574, 28 N. W. 2d 322, we cited the above statute and held: "Such would be the rule in the absence of statute. While it would have been better practice for the state to have introduced this evidence in its case-in-chief, it is within the discretion of the court to permit in rebuttal the introduc-

tion of evidence not strictly rebutting." Such has long been the rule. Murphey v. State, 43 Neb. 34, 61 N. W. 491; Gembler v. City of Seward, *supra.*

Under the facts appearing here, and applying the rules above cited, we find no merit in this assignment.

The final argued assignment is that the sentence imposed is excessive. Section 29-2308, R. R. S. 1943, provides that this Court "may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence."

The complaining witness is a school girl 15 years of age. The defendant is a married man 28 years of age. At the time of this crime he was living with his wife. The wife is a sister of the complaining witness. The complaining witness lived with her parents in a home near that of defendant. The defendant was employed by the father of the complaining witness and worked near the homes of both. He had the normal freedoms in the father's home that that close relationship afforded. The complaining witness frequently, and on the evening in question, was in defendant's home. The sister was home. Defendant suggested that the three go for some ice cream. The wife was busy and did not go. Defendant and complaining witness left in defendant's car to get the ice cream. A ride in the country followed, and the act was consummated. There is evidence that the process of persuasion began prior to that time. Defendant took advantage of the privileges accorded a son-in-law and a brother-in-law. He committed the offense charged. The pregnancy of the complaining witness followed. He undertook, without supporting evidence, to leave the inference that the complaining witness was previously unchaste and that her pregnancy was caused by a young man friend. We find

nothing in this record to sustain an opinion that the sentence rendered is excessive. In our opinion it is warranted by the evidence.

The judgment of the trial court is affirmed.

AFFIRMED.