*In re* ADLER.

INTOXICATING LIQUORS — CRIMINAL LAW—REPEAL OF STATUTE— WORDS AND PHRASES.

The saving clause of the local-option law (2 Comp. Laws, § 5424, 2 How. Stat. [2d Ed.], § 5028), providing that all actions and rights of action shall remain, after the repeal of the law by vote of the county, refers to criminal actions, as well as to civil causes, and respondent who was sentenced under the statute was not entitled to his release on habeas corpus because of a repeal of the law by an election, etc., before sentence was imposed.

Certiorari to Wayne; Mandell, J. Submitted June 4, 1912. (Docket No. 13.) Decided July 11, 1912.

Habeas corpus by Gar A. Adler for release from custody under a sentence of the circuit court for the county of Jackson. An order dismissing the writ is reviewed by petitioner on writ of certiorari. Affirmed.

*John F. Henigan* and *F. C. Badgley*, for petitioner.

*N. E. Bailey*, Prosecuting Attorney, and *M. Grove Hatch*, Assistant Prosecuting Attorney, for the people.

Bird, J.   The respondent was convicted in the Jackson circuit court in January, 1911, of a violation of the provisions of Act No. 207, Pub. Acts 1889, as amended, known as the "Local-Option Law." An appeal was taken to this court where the conviction was affirmed on the 29th day of March, 1911. 169 Mich. 322 (135 N. W. 289). On April 23, 1911, he was sentenced to pay a fine of $200, costs $200, and be imprisoned in the Detroit House of Correction for three months. A few days thereafter respondent petitioned the Wayne circuit court for a writ of habeas corpus. It was issued, and, after a hearing thereon, the writ was dismissed. A writ of certiorari then issued from this court to bring the proceedings here for review.

It is the contention of respondent that inasmuch as the local-option law, under which he was convicted, was repealed by a vote of the people and a resolution of the board of supervisors before he was sentenced, the sentence is invalid; there being no law which would authorize it. The prosecuting attorney admits that this would be the case were it not for the saving clause in the act, which he contends preserves the jurisdiction of the court in all pending proceedings. The saving clause is as follows:

" That all actions which may have been brought and all rights of actions which may have accrued before such repeal shall remain and continue to exist as fully as if no such repeal had taken place."

The respondent insists that this saving clause has reference only to civil actions. The question is, therefore, whether the word " actions," as used in the saving clause, is broad enough to include criminal as well as civil actions.

Section 16 of the act provides for a criminal action against violators of the law. Section 19 provides for a civil action for damages against offenders of the law. Section 13 contains the saving clause. We think a fair construction of these sections is that the word "actions," as used in section 13, refers to and includes both the civil and criminal actions created by the act. Had the legisla-

ture not intended the word "actions" to be used in its broad sense, it would have doubtless used some other word to restrict its meaning, such as "civil actions" or "actions for damages." Not having done so, we must assume that it intended to include both civil and criminal actions. The word "actions" has been held broad enough in construing a statute to include both civil and criminal actions. *Caha* v. *United States*, 152 U. S. 211 (14 Sup. Ct. 513). See, also, *State, ex rel. Calderwood,* v. *Schomber*, 23 Wash. 573 (63 Pac. 221).

The holding of the Wayne circuit court will be affirmed, and the writ dismissed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR, J., did not sit.