RAY A. LOWER v. STATE OF NEBRASKA.

FILED JANUARY 16, 1923.   No. 22542.

1.  Criminal Law: "ACTIONS." The word "actions" as used in the general saving clause act, section 3097, Comp. St. 1922, includes both civil and criminal proceedings.

2.  ———: REPEALS: PRESUMPTION. It will not be presumed that the legislature, in the repeal of a criminal statute, intended thereby, either directly or indirectly, to cause the dismissal of prosecutions, pending and undetermined, against persons charged with the commission of criminal offenses.

3.  ———: ———: PARDONS: PRESUMPTION. It will not be presumed that the legislature intended to bestow a legislative pardon, by the repeal of a criminal statute, upon persons found guilty of a felony, but, who perhaps by some mishap or by some error in the proceedings, have not yet been lawfully sentenced.

4.  ———: EMBEZZLEMENT: VERDICT. When a defendant is charged with embezzling money under section 8658, Rev. St. 1913, or under section 8047, Comp. St. 1922, it is not necessary for the jury to fix in the verdict the value of the money embezzled. Courts will take judicial notice of the worth of United States money.

5.  ———: ASSISTING COUNSEL. The county attorney requested the court to appoint counsel to assist in the trial of a case charging a felony.  Pursuant to such request the court appointed two as-

Lower v. State.

sistant attorneys general for that purpose. *Held,* that such appointment was without error.

6. **Embezzlement:** EVIDENCE. The evidence examined, and *held* that the verdict is amply supported thereby.

ERROR to the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard,* for plaintiff in error.

*Clarence A. Davis, Attorney General, C. L. Dort* and *Jackson B. Chase, contra.*

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DEAN, JJ., REDICK, District Judge.

DEAN, J.

An information was filed in Saunders county against Ray A. Lower, defendant, which charged him with embezzling a large sum of money from the Valparaiso State Bank while he was its cashier. The information, as filed, contained 22 counts. When the state rested counts 1 to 15, both inclusive, were dismissed on defendant's motion. On one of the remaining 7 counts, which charged the embezzlement of $2,000, defendant was acquitted. On the remaining 6 counts, which charged a total embezzlement of $17,360, he was found guilty. Thereupon he was sentenced to serve a term of not less than 1 nor more than 7 years in the penitentiary on each of the six counts, it being a part of the judgment that the sentence "shall run consecutively and not concurrently." Defendant prosecutes error.

When the information was filed, May 17, 1920, under section 8658, Rev. St. 1913, that section was in full force and effect. The section follows:

"Every president, director, cashier, teller, clerk or agent of any banking company, who shall embezzle, abstract or wilfully misapply any of the moneys, funds or credits of such company or shall, without authority

from the directors, issue or put in circulation any of the
notes of such company or shall, without such authority,
issue or put forth any certificate of deposit, draw any
order or bill of exchange, make any acceptance, assign
any note, bond or draft, bill of exchange, mortgage, judg-
ment or decree, or shall make any false entry on any
book, report or statement of the company, with an in-
tent in either case to injure or defraud such company or
to injure or defraud any other company, body corporate
or politic or any other individual person or to deceive
any officer or agent appointed to inspect the affairs of
any banking company in the state, shall be confined in
the penitentiary not less than one year nor more than
ten years."

Subsequently, and while this action was pending and
undetermined in the district court, the legislature of
1921 enacted chapter 297, Laws 1921, with an emergency
clause, which was approved, February 25, 1921, by the
governor. Section 6 of the act, now section 8047, Comp.
St. 1922, has to do with substantially the same subject-
matter, but it is without a saving clause.

From this defendant's counsel contend that section
8658, Rev. St. 1913, which authorized this prosecution,
is by implication repealed by the later act, namely, sec-
tion 8047, Comp. St. 1922, and that the later act, being
without a saving clause, the court was without authority
to sentence defendant. The contention is that section
8658 was not in effect when defendant was tried, the re-
sult being, as defendant argues, that the verdict and
judgment are void and of no effect.

The attorney general does not concede defendant's ar-
gument, but contends that the 1921 act, namely, section
8047, Comp. St. 1922, is in form and substance practically
the same as the act which it repeals, the argument in
brief being that the simultaneous repeal and reenact-
ment of a statute, in terms or substance the same as the
original act, is a mere reaffirmance of such act and not a
repeal.

Defendant says the argument is not sound and contends that the two sections are essentially and materially different in their provisions. However, we do not find it necessary to decide that question in view of the provisions of section 3097, Comp. St. 1922, cited by the attorney general, commonly known as the "general saving clause act." The act reads:

"Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

In *Caha v. United States,* 152 U. S. 211, it is said in an opinion by Mr. Justice Brewer that the word "actions" may include both civil and criminal proceedings.

The same question that is before us arose in Michigan where a criminal statute was repealed, as in the present case, without an express saving clause. But that state has a general saving clause statute similar to ours, and, as in our statute, the word "actions" is used without any qualifying words. The court there held that if the legislature did not intend that the word "actions" should be used in its broad sense, so as to include both civil and criminal actions, it would have used other restrictive expressions, such as "civil actions" or "actions for damages," and that, having failed to do so, it plainly appeared that it was the legislative intention to include both civil and criminal actions within the purview of the statute. *In re Adler,* 171 Mich. 263.

The word "actions," in a legal sense, has been defined as "a judicial proceeding for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Webster's New International Dictionary.

It will, of course, be presumed that the legislature knew that section 3097 was and had been a part of the substantive law of the state almost 50 years when the

1921 act was adopted. It goes without saying that, if it had not been for the general saving clause statute, the legislature would in all probability have incorporated such a clause in the new act when the section in question was repealed.

It is unthinkable that the lawmakers should have intended, either directly or indirectly, to cause the dismissal of prosecutions against persons charged with the commission of a crime, but who had not yet been brought to trial. Nor is it conceivable that it was the legislative intention to bestow a legislative pardon upon persons found guilty of a criminal offense, but who, perhaps by some error in the proceedings or other mishap, had not yet been lawfully sentenced. We are convinced, upon reason and authority, that the saving clause act in question continued the act in force under which the information was drawn and that the court was clothed with power to impose the sentence upon defendant of which he complains.

Defendant complains because the jury did not state in the verdict the value of the money that was embezzled. It is not required to fix the value under the embezzlement statute under which defendant was prosecuted. This has been said to be unnecessary except under a statute which provides that one who embezzles money or property of another is guilty of larceny, and this on the ground that in larceny a finding of value is required. 9 R. C. L. 1299, sec. 46. Courts will take judicial notice of the worth of United States money.

It is true that in a case where the defendant is charged with obtaining property under false pretenses the value of the property falsely obtained must, of course, upon conviction, be declared in the verdict. *Hennig v. State,* 102 Neb. 271. But that is not the situation here.

*Reed v. State,* 66 Neb. 184, is a case where the jury in its verdict found the defendants guilty "of larceny from the person to the amount of $275." The verdict was held

sufficient. The court observed: "It is not necessary for a jury in any case to fix the value or worth of a dollar; judges, as well as other people, know what it is." In *Bartley v. State,* 53 Neb. 310, the terse observation is made that courts will take judicial notice of the value of a dollar. In the present case the verdict is sufficient in form and substance.

Counsel contend that a charge with respect to the venue has been omitted from each of the six counts on which defendant was found guilty and that the court in its instructions "supplied the venue."

The objection is hypercritical. The first count charged the offense as having been committed by defendant in Saunders county, Nebraska. Counts 1 to 15, inclusive, were dismissed by the court, as hereinbefore noted, after the state had rested, and then on defendant's motion. Counts 16 to 22, inclusive, each, in apt terms, relates back to the first count and separately charges that "the county attorney further information makes that Ray A. Lower (on a date named), in said county, was the cashier of the Valparaiso State Bank; * * * that while said Ray A. Lower was cashier as aforesaid, to wit, on the day and year above set forth, he then and there fraudulently, unlawfully and feloniously certain money the property of said bank (naming the amount) in his possession as such cashier did then and there convert to his own use and embezzle with intent to injure and defraud," etc. The venue was properly charged and with commendable brevity. The objections that the information failed to state an offense and that it did not properly charge the venue are without merit.

Defendant contends that the verdict is not supported by the evidence, but the record shows that this assignment is clearly without support. Complaint is also made because the county attorney was assisted by two of the assistant attorneys general. The request for assistance was made by the county attorney and the ap-

.pointment was made by the court. The objection was properly overruled. *Blair v. State,* 72 Neb. 501; *Goldsberry v. State,* 92 Neb. 211.

Complaint is made with respect to the court's refusal to give certain instructions offered by defendant and with respect to those given, and also in respect to evidence submitted and evidence refused. An examination of these, and also the other assignments of alleged error which are preferred by defendant, does not disclose that he has been denied any of his ·substantial rights.

We have examined all of defendant's assignments of alleged error presented in his brief of 361 pages. It is not only impractical but it would serve no good or useful purpose to discuss all of them. It is obvious that to do so would require more space than should be allotted to this opinion.

Finding no reversible error, the judgment is

AFFIRMED.