STATE OF NEBRASKA, APPELLEE, v. THOMAS R. LENZ,
APPELLANT.

161 N. W. 2d 710

Filed October 18, 1968. No. 36906.

Max A. Powell, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant herein pleaded guilty to the crime of robbery and was sentenced to 5 years in the Nebraska Penal and Correctional Complex. Defendant perfected this appeal, claiming the sentence to be excessive and urging that the trial court abused its discretion in not placing him on probation.

On September 19, 1967, defendant, who had been released from the South Dakota Penitentiary in August 1967, walked into a motel office west of Fremont, Nebraska, waived a derringer at one of the owners, and demanded that the money in the drawer be laid on the counter. Defendant picked up the, money, wiped the counter where his hand touched, and disappeared. Defendant was apprehended November 7, 1967, on another charge and gave a statement admitting the robbery.

Defendant assigns but does not argue the refusal of the trial court to place him on probation. Clearly, it would have been an abuse of discretion for the trial

court to have granted probation herein. That assignment merits no discussion.

Defendant was prosecuted under the provisions of section 28-414, R. R. S. 1943, which provides for a term in the Nebraska Penal and Correctional Complex of not less than 3 nor more than 50 years. The rule on appellate review of the excessiveness of a sentence is well settled in this jurisdiction. "Where the punishment of an offense created by statute is left to the discretion of the trial court within prescribed limits, a sentence imposed within those limits will not be disturbed on appeal unless there appears to be an abuse of discretion." State v. Mayes, 183 Neb. 165, 159 N. W. 2d 203.

Has there been an abuse of discretion herein? Obviously not. Defendant used a gun which he insisted was unloaded, but his victim would not know this fact if it were a fact. He had a previous record, and subsequent to this robbery was arrested on another matter. In spite of his youth, 21 years of age, when we consider the record herein and his professional approach as disclosed by precautions he took, if anything the sentence was very lenient.

The judgment of the district court should be and hereby is affirmed.

AFFIRMED.