STATE OF NEBRASKA, APPELLEE, v. DALLAS DENBO, APPELLANT.

175 N. W. 2d 613

Filed March 20, 1970. No. 37473.

Frederick E. Wanek, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Defendant was charged with the crime of breaking and entering a store building with intent to steal property of value. He entered a plea of guilty thereto. The trial court granted probation. The defendant was subsequently charged with violating the terms of his probation and found guilty. The defendant was sentenced to serve from 2 to 4 years in the Nebraska Penal and Correctional Complex. Defendant has appealed.

There is no bill of exceptions. The facts found in the

transcript indicate the following: The original information charged that defendant on November 7, 1968, feloniously broke and entered a store building with intent to steal property contained therein. On March 10, 1969, defendant, accompanied by court-appointed counsel, appeared in district court and entered a plea of guilty to the first count of the information. The trial court granted probation for a period of 2 years on terms and conditions which the defendant accepted. On August 19, 1969, an information was filed charging the defendant with violating the terms of his probation. He was charged with using intoxicating liquor and operating a motor vehicle when his driver's license was suspended. After a hearing with defendant and his counsel present, defendant was found guilty of violating the terms of his probation and sentenced as aforesaid.

The only error assigned is the excessiveness of the sentence. The defendant was 19 years of age and married. He pleaded guilty to robbing a hardware store and causing a loss to the owner in the amount of $344.85 as determined by the trial court in fixing the amount of restitution in the probationary order. The violation of the terms of probation in the manner shown is not denied on this appeal.

The trial court in granting probation undoubtedly considered the age of the defendant, the fact of his marriage, and his previous conduct. The defendant, however, chose to disregard the terms of his probation and continued in unlawful pursuits. He has imposed upon the leniency of the court and flaunted his opportunity to become a law-abiding citizen. He has, of course, forfeited any claim to further leniency.

Defendant contends that the indeterminate sentence of 2 to 4 years is legally a sentence for 4 years. This is, of course, true. Draper v. Sigler, 177 Neb. 726, 131 N. W. 2d 131; Studley v. Studley, 129 Neb. 784, 263 N. W. 139. An indeterminate sentence of 2 to 4 years is, however, more advantageous to the defendant than a

determinate sentence of 4 years. It is more advantageous only if defendant by his good conduct makes it so. In the instant case, the trial court granted probation in the belief that defendant would correct his errant ways and eliminate the necessity for punishment by confinement. The defendant having failed to respond to the court's attempt at rehabilitation, the court by imposing an indeterminate sentence has placed on the defendant the burden of release at the minimum term by showing the want of need for further confinement.

The sentence of 2 to 4 years is well within the maximum penalty provided by statute. The trial court heard the case and saw the defendant, and was in a better position than this court to evaluate the situation. In State v. Agostine, 184 Neb. 158, 165 N. W. 2d 353, the defendant, 19 years of age and never previously convicted of a felony, entered a plea of guilty to a charge of breaking and entering, and was sentenced to a term of 2 to 10 years in the Nebraska Penal and Correctional Complex. In affirming the sentence this court said: "The sentence imposed is not a particularly severe one and appears to have been well within the discretion vested in the district court. We have held on numerous occasions that: 'Where the punishment of an offense created by statute is left to the discretion of the trial court within prescribed limits, a sentence imposed within those limits will not be disturbed on appeal unless there appears to be an abuse of discretion.'" Other cases to the same effect are: State v. Lenz, 183 Neb. 496, 161 N. W. 2d 710; State v. Stroh, 181 Neb. 24, 146 N. W. 2d 756; State v. Burnside, 181 Neb. 20, 146 N. W. 2d 754.

The record does not indicate an abuse of discretion on the part of the trial court. The judgment of the trial court is therefore affirmed.

AFFIRMED.