STATE OF NEBRASKA, APPELLEE, V. TERRY B. DUITSMAN, APPELLANT.

180 N. W. 2d 685

Filed October 30, 1970. No. 37505.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The district court revoked an order of probation and sentenced the defendant to 25 days in jail on the charge of being a minor in possession of alcoholic liquor. The defendant contends, in this appeal, that the original judgment of the county court constituted a sentence and not an order of probation and that the sentence has been satisfied and therefore further proceedings are void. He also contends that the sentence of 25 days in jail on the order revoking probation is excessive and should be reduced.

The order of probation in contention here provided as follows: "* * * the defendant is hereby placed on probation * * *, under the following terms and conditions * * *. 8. That said Terry B. Duitsman shall pay $60.00 in lieu of fine and $5.00 court costs on or before the 20th day of September, 1968." The defendant contends although the language of the order is probationary in form, actually the imposition of the $60 "in lieu of fine" which the defendant has paid, constituted a sentence and that the case therefore became terminated. His argument becomes an exercise on sematics which it is not necessary to decide. Section 29-2219, R. R. S. 1943, provides that a judge in entering an order of probation may impose a fine as one of the permissible conditions. There are other conditions in the probationary order beside the one recited above. If the language "in lieu of fine" was in substance a fine, which it would appear to be, then it is a legitimate and permissible con-

dition of probation and the argument of the defendant that it constitutes a sentence fails. § 29-2219, R. R. S. 1943. If, on the other hand, it did not constitute, in a technical sense, a fine, then it is permissible as one of the general conditions of probation that may be imposed by the court. Section 29-2219, R. R. S. 1943, provides that when any court suspends sentence and places a defendant on probation it shall determine the conditions and period of probation, and that the conditions of probation shall be such as the court shall in its discretion prescribe. Obviously the intent of the Legislature is to give the sentencing judge, when he suspends sentence, appropriate latitude to tailor individualized conditions of probation with the objective of accomplishing the rehabilitative purposes of the probationary act. This is particularly indicated when the sentencing judge is faced with a situation where incarceration or confinement of a young person of the age of the defendant herein involved, and the attempt in a probationary order is to achieve the reformation of the defendant by the imposition of appropriate disciplinary sanctions short of confinement. To interpret section 29-2219, R. R. S. 1943, otherwise would be to emasculate the purposes of a probation act and return it to the limbo of the archaic notion that probation constituted merely an act of clemency or mercy. There is no merit to the defendant's contention in this respect.

It is now contended that the sentence of the district court of 25 days in jail is excessive. This court will not interfere with a sentence imposed by a lower court unless it appears to be the result of an abuse of discretion. State v. Lenz, 183 Neb. 496, 161 N. W. 2d 710. The defendant was placed on probation for a period of 8 months from August 30, 1968. In May 1969, resulting from an incident occurring in February 1969, the defendant violated ordinances of the City of Beatrice in driving an automobile in a negligent manner, leaving the scene of a property accident, hindering and obstruct-

ing officers in the performance of their duties, and becoming intoxicated. There is no contention as to his guilt of these offenses and this conduct, or that they constituted a violation of the conditions of his probation. The evidence shows that he hindered and obstructed officers in the performance of their duties, that he was in a motor vehicle containing alcoholic beverages, and, at the same time, he was intoxicated. On revocation, and sentencing of the original offense, the court was authorized to impose a fine of not less than $100 or more than $250 or imprisonment in the county jail not to exceed 60 days or both such fine and imprisonment. § 53-180.05, R. R. S. 1943. The record also shows that the defendant was convicted and sentenced in 1966 on a joy-riding charge. Under these circumstances this court cannot say that there was an abuse of discretion in imposing the sentence of 25 days in jail.

Perhaps the most strenuous contention of the defendant is that he was 20 years of age at the time of the commission of the offense, that the Legislature has amended section 53-103 (L.B. 167, effective March 13, 1969), and that at the time he was sentenced, after his probation was revoked, the offense for which he was charged did not constitute a crime. This contention is effectively answered by the express provisions of section 49-301, R. R. S. 1943. In a criminal action this court has specifically held contrary to the defendant's contention in Lower v. State, 109 Neb. 590, 191 N. W. 674. This court stated: "It will, of course, be presumed that the legislature knew that section 3097 was and had been a part of the substantive law of the state almost 50 years when the 1921 act was adopted. It goes without saying that, if it had not been for the general saving clause statute, the legislature would in all probability have incorporated such a clause in the new act when the section in question was repealed.

"It is unthinkable that the lawmakers should have intended, either directly or indirectly, to cause the dis-

missal of prosecutions against persons charged with the commission of a crime, but who had not yet been brought to trial. Nor is it conceivable that it was the legislative intention to bestow a legislative pardon upon persons found guilty of a criminal offense, but who, perhaps by some error in the proceedings or other mishap, had not yet been lawfully sentenced. We are convinced, upon reason and authority, that the saving clause act in question continued the act in force under which the information was drawn and that the court was clothed with power to impose the sentence upon defendant of which he complains."

The judgment and sentence of the district court revoking the probation and sentencing the defendant are correct and are affirmed.

AFFIRMED.