STATE OF NEBRASKA, APPELLEE, V. GENE LYNN ANDERSEN, APPELLANT.

193 N. W. 2d 159

Filed December 23, 1971. No. 38148.

Cecil W. Orton, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

The only issue raised in this appeal from a guilty plea to the crime of burglary is the excessiveness of the sentence. Defendant Gene Lynn Andersen was sentenced to a term of not less than 2 nor more than 4 years in the Nebraska Penal and Correctional Complex, and was given credit for the time spent in the county jail awaiting trial and sentence. We affirm.

Defendant, who was 24 years of age, with two accomplices broke into a store at night at Wynot, Nebraska. It is defendant's contention that the sentence was excessive in view of defendant's age; the fact that he was merely a follower with two more experienced participants; and that he had cooperated with the State in entering a plea of guilty.

From a review of the presentence investigation, which is a part of the record, we are convinced that the trial court did extend leniency to the defendant, and that the sentence is a minimal one. Defendant was sent to the

Boys' Training School at 14, where he spent 14 months for burglary. In 1964 he was apprehended for petit larceny and given a year's probation. In 1969 he was involved in a burglary in South Dakota but no charges were filed because he was in custody in Montana on a similar charge. On the Montana offense sentence was suspended and he was placed on 2-years' probation. He was still on probation when the current offense, which carries a fine, jail up to 6 months, or a 1 to 10 year imprisonment penalty (section 28-532, R. R. S. 1943), was committed. Considering defendant's previous involvement, no abuse of discretion is disclosed by the record.

We have said on previous occasions: "Where the punishment of an offense created by statute is left to the discretion of the trial court within prescribed limits, a sentence imposed within those limits will not be disturbed on appeal unless there appears to be an abuse of discretion." State v. Lenz, 183 Neb. 496, 161 N. W. 2d 710.

For the reasons stated, the judgment is affirmed.

AFFIRMED.