STATE OF NEBRASKA, APPELLEE, v. ROBERT D. CLAIRE, APPELLANT.

196 N. W. 2d 519

Filed April 20, 1972. No. 38383.

Eugene T. Atkinson of Atkinson & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and STUART and BUCKLEY, District Judges.

SPENCER, J.

Defendant, Robert D. Claire, appeals from his conviction on three counts of burglary. He was sentenced to 3 years on each count, the sentences to run concurrently. We affirm.

Defendant was observed in a white Ford Maverick automobile in the east parking lot behind the approximate center of the Southroads Shopping Center in Sarpy County, at approximately 4:30 a.m., on the morning of March 9, 1971. When an officer drove up, the car left the shopping center and the officer followed and stopped it. When the defendant could not produce a driver's license or a registration for the car, he was placed under arrest. John Pakolnis was in the car with the defendant at the time. The two men were taken to the Bellevue police station, searched, and booked.

A check at the shopping center revealed that three stores, Woolworth's, Music Land, and Calandra's, had been forcibly entered. Some suitcases, television sets, and stereo cartridges were found stacked together on the floor in Music Land. Merchandise taken from Woolworth's was found in the suitcases. Under an opening in the ceiling of the mall, between two of the establishments, the officers found several .22-caliber bullets lying on the floor. Bullets of the same type and brand were found in the coat pocket of Pakolnis, as well as in a Kleenex box which was on a shelf under the dash in the center of the automobile being operated by the defendant. Defendant also had in his possession a pocket knife of a type sold exclusively by Woolworth's. Some 12 hours after the defendant's apprehension, a torn cardboard knife carton was found in the store, in the vicinity where the knives were displayed. A cash

register key, taken from Woolworth's, and used to open cash registers in the Woolworth store, was found in Pakolnis' possession.

Defendant assigns as error: (1) The insufficiency of the evidence to sustain the verdict; (2) the introduction of the knife carton; (3) the giving of an instruction on aiding and abetting; and (4) the excessiveness of the sentence.

The defendant was observed by the police in the immediate vicinity of the places burglarized at 4:30 a.m. He had a small pocket knife in his possession at the time of his arrest, which was of a type sold exclusively by Woolworth's. Several .22-caliber shells, of the exact type scattered on the floor of the mall in the shopping center, were found in his possession in the car. His companion had some of these same shells in his pocket, and also had a key taken from Woolworth's which opened cash registers at that establishment. The evidence was ample to warrant the submission of the case to the jury.

The torn cardboard knife carton, on the record herein, was properly received in evidence. Woolworth's opened for business routinely that morning. At approximately 4 or 5 p.m., when the officer made the inspection of the area where the knives were displayed, he found the torn knife carton on the floor in the immediate area where the knives were displayed. It is reasonable to believe the knife found in defendant's possession came from the carton in evidence.

The instruction on aiding and abetting was proper. The defendant and Pakolnis were observed parked together, behind the shopping center, immediately before defendant's apprehension. There can be little question that Pakolnis, who subsequently pled nolo contendere, had been in the burglarized establishments. Whether defendant actually entered the three establishments can only be inferred from the evidence, but there cannot be the slightest doubt defendant was with Pakolnis near

the scene. The evidence was also sufficient to permit the jury to find the defendant had some of the merchandise taken in his possession. This amply sustains the giving of an instruction on aiding and abetting. In Miller v. State, 173 Neb. 268, 113 N. W. 2d 118, we said: "A common purpose among two or more persons to commit a crime need not be shown by positive evidence but may be inferred from the circumstances surrounding the act and from defendant's conduct subsequent thereto.

"Participation in criminal intent may be inferred from presence, companionship, and conduct * * *."

The sentence is not excessive. Defendant was convicted on three counts of burglary and sentenced to serve concurrent terms of 3 years on each count. From the record, it is evident that there was also another charge pending. The sentence is a modest one under the circumstances. As we said in State v. Duitsman, 186 Neb. 39, 180 N. W. 2d 685: "This court will not interfere with a sentence imposed by a lower court unless it appears to be the result of an abuse of discretion." There definitely was no abuse of discretion herein.

Defendant's assignments of error are without merit. The judgment is affirmed.

AFFIRMED.